UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALENDIA WADE-LEMEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV1198 HEA |
| | ) |
| THE BOARD OF EDUCATION FOR | ) |
| THE CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [#5]. To date, Plaintiff has not responded to the motion. The Court, nevertheless, has reviewed and analyzed the motion based on the merits. For the reasons set forth below, Defendants' motion is granted.

## Facts and Background

Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA") and the Missouri Human Rights Act, as codified in Section 213.010 *et seq.,* of the Missouri Revised Statutes ("MHRA"). Plaintiff alleges that the Board of Education for the City of St. Louis, Missouri ("the Board"), and individual members of the Board discriminated against her based on her

disability. Plaintiff suffers from seizures and blackouts, which are associated with injuries she suffered after being struck by a school bus in 1986.

Plaintiff alleges that after years of repeated struggles with her seizures and blackouts, she decided to attempt to re-enter the workforce as a teacher. Plaintiff finally obtained employment at Stowe Middle School as a Probationary Teacher between 2002-2003. Plaintiff's Complaint sets forth facts which surround her repeated disagreements with the Principal and Assistant Principal of Stowe Middle School and her ultimate termination from employment. Plaintiff alleges that the Principal, Vernice Hicks, and the Assistant Principal, Carrie Coleman, wanted to "get rid" of Plaintiff because of her disability. Plaintiff also alleges that Hicks and Coleman used various incidents, such as Plaintiff's attempt to demonstrate inappropriate behavior to students by throwing a book against a wall, as a pretext for firing Plaintiff. After a hearing was held in February, 2004 regarding charges that Plaintiff was abusive toward students, the personnel committee of the Board issued its Findings of Fact, Conclusions of Law and Decision wherein Plaintiff was terminated.

In May, 2004, Plaintiff filed a charge of discrimination with the Missouri Commission on Humant Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), claiming she had been discharged by the Board based on her disability. Plaintiff was issued a Notice of Right to Sue letter from the EEOC on May

4, 2005, which was received by her on May 10, 2005. Plaintiff timely filed this cause of action on August 2, 2005.

Plaintiff's Complaint names as Defendants, the Board of Education and the following individuals in their official capacity as members and officials of the Board: Darnetta Clinkscale, Ronald Jackson, Veronica O'Brien, Robert Archibald, Vincent Schoemehl, Jr., Flint Fowler, and William Purdy. Plaintiff states causes of action against all Defendants collectively for disparate treatment-actual disability under the ADA (Count I), failure to accommodate under the ADA (Count II), violation of the Missouri Human Rights Act (Count III), tortious interference with economic expectancy (Count IV), and intentional infliction of emotional distress (Count V).

## Discussion

Defendants contend that Counts IV and V against the Board should be dismissed based on the Board's sovereign immunity, and that all Counts against the individual Defendants should be dismissed based on their official immunity. Defendants also contend that the individual Defendants should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will first address the issue of Defendants' immunity.

**Board of Education's Immunity**

Defendants argue the Board of Education is entitled to dismissal of Counts IV and V, because the Board is a political subdivision of the State of Missouri and is shielded from tort liability by the Eleventh Amendment to the United States Constitution. The Court agrees.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. Amend. XI.

The Eleventh Amendment shields a state from suit in federal court unless the state consents to suit or waives its immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890) (interpreting the amendment to prohibit suits in federal court against a state by citizens of the defendant state); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding a state's consent to suit must be unequivocally expressed); *see also Florida Dep't of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) *and Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63 (1989). The bar applies whether a plaintiff is seeking damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984).

Sovereign immunity also extends to "arms" of the state. *Alden v. Maine*, 527 U.S. 706, 756 (1999); *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 819 (8th Cir.), *cert denied*, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 and n. 5 (1997); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Under Missouri law, a school district is a subdivision of the state. *Mauzy v. Mexico School Dist. No. 59,* 878 F. Supp. 153 (E.D. Mo. 1995) (*citing DeMarr v. Kansas City,* 802 S.W.2d 540 (Mo. App. 1991)).

In this case, the Board is a public entity which is protected from actions in tort by sovereign immunity. Counts IV and V of Plaintiff's Complaint are for the torts of interference with economic expectancy and intentional infliction of emotional distress. Defendant Board has not waived its Eleventh Amendment immunity, and these torts do not fall within the exceptions to sovereign immunity as outlined by Missouri law.[1] Therefore Counts IV and V cannot be maintained against the Board.

---

[1] Under Missouri law, a public entity is protected from tort liability subject to two exceptions. MO. REV. STAT. § 537.600.1. Sovereign immunity is waived for compensatory damages for negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment, *id.* § 537.600.1(1), and when a claim is based on injuries caused by dangerous conditions on the public entity's property. *Id.* § 537.600.1(2).

The Court will address the remaining counts against the Board *sua sponte,* as it concludes that Plaintiff's ADA claims against the entity also fail.

Title I of the ADA enables qualified individuals with disabilities to bring suit for claims of employment discrimination. 42 U.S.C. § 12112(a). State governments, however, are not subject to private damages actions in federal court for violations of Title I of the ADA, 42 U.S.C. § 12112(a). *See Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 370-372 (2001). In *Garrett,* the United States Supreme Court held that Congress did not validly abrogate the states' Eleventh Amendment immunity from suits for money damages under Title I of the ADA. The Court analyzed Congress' intent in creating the Act and concluded that Congress failed to identify any history or pattern of irrational discrimination by state employers against disabled persons sufficient to support a valid exercise of Congress' remedial power under § 5 of the Fourteenth Amendment. Therefore, the Court held, the remedy of damages pursuant to the ADA was not "congruent and proportional" to any such violation.

In this case, Defendant Board of Education is a political sub-division of the State of Missouri. Thus, the real party at interest in Plaintiff's remaining claims against the entity (Counts I through III) is the State of Missouri. As such the Board is not subject to private damages actions in federal court for violations of Title I of the ADA, 42 U.S.C. § 12112(a).

**Individual Defendants' Immunity**

The individual Board members are entitled to immunity as to all counts (Counts I through V), because they have been sued in their official capacities. When a plaintiff names an official in his individual capacity, the plaintiff is seeking to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover damages from the government body itself. *Id.* at 159; *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985). Failing to expressly state that the official is being sued in his individual capacity will be construed as an intent to sue the defendant only in his official capacity. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989). An action against a state official, in his or her official capacity, is tantamount to a suit against the state itself, and absent waiver or consent, is barred by the Eleventh Amendment as well.

Additionally, the Eighth Circuit has clarified that under *Ex Parte Young,* 209 U.S. 123 (1908) and its progeny, private individuals can sue state officials in their official capacity under the ADA, but only for prospective, injunctive relief. *Grey v. Wilburn,* 270 F.3d 607 (8th Cir. 2001) (*citing Gibson v. Arkansas Dep't of Correction,* 265 F.3d 718 (8th Cir. 2001) and *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001)). Suits against state officials to enjoin them from continuing to enforce

allegedly unconstitutional state laws are not deemed against the state, and hence are not barred by the Eleventh Amendment. *Ex Parte Young,* 209 U.S. at 166. *Ex Parte Young,* however, applies only to "ongoing and continuous" violations of federal law and not to the legality of past conduct. *Papasan v. Allain,* 478 U.S. 265, 277-278 (1986).

Here, Defendants urge dismissal, because this suit is against the individual members of the Board in their official capacities. Since Plaintiff's Complaint contains official-capacity claims, the real party at interest in this case, as previously noted, is the State of Missouri. Thus, the individually named members of the Board are shielded by the Eleventh Amendment on *all* counts. Furthermore, because Plaintiff's official-capacity claims do not seek injunctive relief pursuant to *Ex Parte Young*, Plaintiff's claims under Title I of the ADA, 42 U.S.C. § 12112(a), cannot be maintained against the individual Board members.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [#5], is granted; Counts I through V against Defendant individual members of the Board of Education for City of St. Louis are dismissed; Counts IV and V against Defendant

---

[2]The Court does not reach consideration of Defendants' additional arguments with respect to Plaintiff's failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure in light of its ruling on the issues related to sovereign immunity.

Board of Education are dismissed; and the Court orders, *sua sponte*, that Counts I through III against Defendant Board of Education are dismissed.

Dated this 22nd day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE