IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MALENDIA WADE-LEMEE,           )
                               )
        Plaintiff,             )
                               )
    v.                         )Cause Number. 4:05CV1198 HEA
                               )
THE BOARD OF EDUCATION FOR     )
THE CITY OF ST. LOUIS,         )
                               )
        Defendants.            )

## ORDER

This matter is before the Court Defendant's Notification to the Court

Regarding Plaintiff's Failure to Comply with June 3, 2009 Order, [Doc. No. 58].

Plaintiff has failed to respond to the motion within the time provided by the Court's

Local Rules.  For the reasons set forth below, this case will be dismissed.

This case was filed on August 2, 2005.  On September 22, 2005, the Court

granted Defendant's Motion to Dismiss.  This dismissal was appealed to the Eighth

Circuit Court of Appeals.[1]  On November 14, 2006, the Eighth Circuit affirmed in

part, reversed in part and remanded this case in accordance with the Appellate

Court's Opinion.  The mandate was issued on December 2, 2006.

---

[1] The Court notes that Plaintiff requested, and was granted, an extension of time to file
her notice of appeal.  See docket entries of October 24, 2005 and October 25, 2005.

This Court issued a Case Management Order on January 23, 2007. An Amended Case Management Order was entered on November 15, 2007. This Order required the parties to conduct discovery and pretrial as set forth therein. On June 20, 2008, the Court, on its own motion ordered Plaintiff to designate a neutral for Alternative Dispute Resolution. Plaintiff asked for an extension of time to complete mediation. The Court granted this extension on July 1, 2008.

On July 22, 2008, Defendant filed an emergency Motion in Limine seeking to bar Plaintiff from producing any evidence at trial based n her failure to fulfill discovery obligations, or in the alternative, for a continuance of the August 18, 2008 trial setting and new case management order. Plaintiff sought an extension of time to respond to this motion; this extension was granted. On August 14, 2008, the Court granted the alternative motion to continue the trial and allowed the parties to submit a Second Amended Joint Scheduling Plan. The Court admonished Plaintiff to fully comply with deadlines imposed by the Court's Case Management Order. The Second Amended Case Management Order was entered on August 27, 2008.

On January 16, 2009, Defendant filed a Motion to Compel. Defendant set out in this Motion that Plaintiff "refuse[d] to comply with this Court's rules and deadlines unless and until Defendant file[d] expensive Motions with this Court that force[d] to do so. Plaintiff . . .blatantly ignore[d] this Court's August 14, 2008

admonishment to 'fully comply' with this Court's Case Management Order. . . and again refuse[d] to respond to Defendant's discovery requests." The Court granted the motion to Compel and ordered Plaintiff to respond to discovery requests within 5 days from January 16, 2009.

On February 12, 2009, Defendant filed another Motion to Compel and to Enforce the Court's Order. Defendant advised the Court that Plaintiff had refused to respond to Defendant's counsel's emails, phone calls and written correspondence. The discovery deadline was, at that time, days away. Defendant advised the Court that Plaintiff's responses to discovery requests were deficient.

Thereafter, on February 23, 2009, the parties filed a joint motion to amend, yet again, the Case Management Order. Defendant was given an extension of time to conduct discovery; Plaintiff was not afforded the additional time to complete discovery.

On February 20, 2009, in accordance with the Case Management Order for filing dispositive motions, Defendant filed its Motion for Summary Judgement. Plaintiff's response to the Motion for Summary Judgment was due on March 20, 2009. On March 27, 2009, Plaintiff asked the Court, for leave to file her response to the Motion for Summary Judgment out of time. Leave was granted on March 31, 2009. Plaintiff's response was due on April 3, 2009. On April 20, 2009, Defendant

filed a Motion for Sanctions and Judgment based on Plaintiff's failure to comply with the Court's orders, most notably, that her response to the Motion for Summary Judgment was due, after an having been given leave to file out of time, on April 3, 2009, and had not yet been filed. On April 30, 2009, Plaintiff again sought leave to file her response out of time, and filed her response to the motion.

On May 14, 2009, the Court granted Plaintiff's motion for leave to file her response to the Motion for Summary Judgment. Assuming that the Motion for Sanctions was moot because of this Order, the Court denied the Motion for Sanctions and for Judgment on May 14, 2009. On May 15, 2009, Defendant filed a Motion to Reconsider this denial because, in addition to the original failure to file a response to the Motion for Summary Judgment, Plaintiff still had not complied with the Court's Orders regarding discovery. Defendant moved the Court for dismissal of Plaintiff's action. The Court granted the Motion to Reconsider to the extent that Plaintiff was required to comply with Defendant's requests for production of documents and medical authorizations within 3 days from the date of the Order, June 3, 2009.

On June 9, 2009, Defendant filed a Notice of Plaintiff's failure to comply with the June 3, 2009. Defendant advised the Court that although Plaintiff

submitted authorizations for release of medical records on June 8, 2009,[2] these authorizations were blank authorizations to obtain medical records, which are, essentially useless in that Plaintiff has not provided the names of medical providers. Plaintiff produced an authorization to obtain employment records directed to the Kirkwood School District, but Plaintiff still has not produced any additional, responsive documents, nor has she supplemented her deficient interrogatory answers. Plaintiff has not responded to this notice of failure.

As detailed above, the Court and Defendant have been more than lenient in allowing extension after extension to Plaintiff. Likewise, the Court recognizes Plaintiff's counsel's efforts in attempting to secure the needed information from Plaintiff and has on numerous occasions advised Plaintiff of the importance of compliance of the possible ramifications of her failure to do so. Plaintiff, on the other hand has repeatedly failed to comply with the Court's Orders and has blatantly neglected her obligations to abide by these Orders and the Federal Rules of Civil Procedure. The Court is dismayed that after several extensions and orders allowing Plaintiff to file pleadings outside the time perimeters, Plaintiff has once again shirked her responsibilities. As such, the Court has no other option than to dismiss

---

[2] The Court notes that these productions were technically not in compliance with the Court's 3 day limit.

this action.  Failure to comply with the rules and orders results in grave

consequences, of which Plaintiff was given numerous warnings.  The Court cannot,

and will not,  tolerate repeated refusals to comply.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is dismissed with prejudice.

Dated this 26th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE